IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR DIAZ LANDA,<br><br>Defendant and Judgment Debtor.<br><br>WELLS FARGO BANK, N.A.,<br>(and its Successors and Assignees),<br><br>Garnishee. | CASE NO. 1:18-MC-00021-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL GARNISHMENT ORDER<br><br>ORDER REQUIRING THE UNITED STATES TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 13)<br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final garnishment order (the "Application") against the non-exempt property and accounts that defendant Oscar Diaz Landa ("Defendant") maintains with garnishee Wells Fargo Bank, N.A. (the "Garnishee"). (Doc. No. 13.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

I. **BACKGROUND**

On January 17, 2017, pursuant to a plea agreement with the United States, Defendant entered a plea of guilty to count one of an indictment charging him with conspiracy to commit mail fraud. *United States v. Rivas, et al.,* Case No. 1:15-cr-00233-DAD-BAM, Doc. No. 118. On May 3, 2017, the Court

1

sentenced Defendant to six months of custody and thirty-six months of supervised release and further ordered Defendant to pay a statutory assessment of $100.00 and $257,325.90 in restitution. *Id.* at Doc. No. 150.

In an attempt to collect the restitution and special assessment owed, the United States filed an application for a writ of continuing garnishment against any bank, stock, or brokerage accounts in the possession, custody, or control of Wells Fargo Bank, N.A. in which Defendant has an interest. (Doc. No. 1.) The Clerk of Court issued the writ of garnishment on April 9, 2018. (Doc. No. 2.) The United States subsequently served the Garnishee, Defendant, and his spouse Julia Gonzalez Luna with copies of the writ and related documents. (Doc. Nos. 3, 5, 9.) The documents served on Defendant and his spouse advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on their claims, request a hearing to quash the writ, and/or object to the Garnishee's answer of garnishee (the "Answer") and request a hearing thereon. (Doc. Nos. 5, 9.)

The Garnishee filed its acknowledgement of service and Answer on April 16, 2018, identifying two checking accounts and one savings account in which Defendant maintains an interest as sole owner. (Doc. No. 6.) The Garnishee served the answer on Defendant and his spouse on April 12, 2018, and the United States again served the Answer on Defendant on May 4, 2018. (Doc Nos. 6, 9.) The United States now seeks a final order of garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, requiring the Garnishee to liquidate and pay to the Clerk of Court the contents of Defendant's bank accounts with the Garnishee in order to partially satisfy Defendant's unpaid restitution order. (Doc. No. 13.)

## II. DISCUSSION

The Mandatory Victims Restitution Act ("MVPA") makes restitution mandatory for certain crimes, including mail fraud. *See* 18 U.S.C. §§ 1341, 3663A(a)(1), (c)(1)(A)(ii). Pursuant to the MVPA, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Property is defined under the FDCPA to include, in relevant part, "any present or future interest, whether legal or equitable, in real, personal . . ., or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12). The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendant's interest in the bank accounts in the custody of the Garnishee are property as defined under the FDCPA and are therefore subject to garnishment. *See* 28 U.S.C. §§ 3002(12), 3205(a). The United States provided Defendant and his spouse with notice of the garnishment proceedings on April 13, 2018, and June 11, 2018. (Doc. Nos. 5, 9.) The documents served on Defendant and his spouse advised them of their rights to claim exemptions and request a hearing on their claims, request a hearing to oppose the writ, and object to the Answer and request a hearing. (*Id.*) Defendant and his spouse were further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) Neither Defendant, his spouse, nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's bank accounts.

### III. ORDER AND RECOMMENDATIONS

Accordingly, it is HEREBY ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee Wells Fargo Bank, N.A., Defendant Oscar Diaz Landa, and Julia Gonzalez Luna and file proof of such service within seven (7) days of entry of these findings and recommendations.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' request for a final garnishment order be GRANTED;

2. Garnishee Wells Fargo Bank, N.A. be directed to LIQUIDATE and PAY to the Clerk of Court the contents of savings and checking account numbers \*\*9540, \*\*1816, and \*\*9822 registered in the name of Defendant Oscar Diaz Landa within fifteen (15) days of entry of an order adopting these findings and recommendations;

3. Garnishee Wells Fargo Bank, N.A. be directed to make payment in the form of a cashier's check, money order, or company draft made payable to the Clerk of the Court, delivered to the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814, and stating the criminal case name and number (*United States v. Rivas, et al.,* Case No. 1:15-cr-00233-DAD-BAM) on the payment instrument;

4. The garnishment terminate once the Garnishee Wells Fargo Bank, N.A. makes payment to the Clerk of Court as provided in paragraphs 2 and 3; and

5. The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2019**       /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE